**MARTINEZ v. McGRATH, U. S. Atty. Gen.**

Civ. A. No. 770.

United States District Court
S. D. Texas, Brownsville Division.

Oct. 29, 1952.

Louis T. White, Alamo, Tex., for plaintiff.

Brian S. Odem, U. S. Atty., E. H. Patton, Jr., Asst. U. S. Atty., Houston, Tex., for defendant.

ALLRED, District Judge.

Action under 8 U.S.C.A. § 903 for judgment declaring plaintiff to be a national of the United States.

Plaintiff was born, of Mexican parents, in Mercedes, Texas, on February 4, 1924, and lived in this country until he was four years old. In 1929, his parents took him to

Mexico where he lived in the country near the pueblo of Cadereyta-Jiminez, just north of Monterrey, Nuevo Leon, Mexico.

In 1944, when he was 20 years old, plaintiff returned to Texas and worked as a farm laborer. He also registered for the draft in this country and was classified 4F. His parents, meantime, had moved from Cadereyta-Jiminez to Reynosa, Mexico.

On April 2, 1951, after a short visit with his parents in Reynosa, plaintiff was refused entry by an Examining Immigrant Inspector and detained for further examination by a Board of Special Inquiry. At that time he was asked many questions, among them, whether he had registered for military service in the armed forces of Mexico; and how many times he had voted, etc. The transcript shows the following questions and answers as to voting:

"Q. Did you vote for Aleman or Padilla for President of Mexico in 1946? A. I think I voted for Aleman —I don't remember.

"Q. How many times have you voted in Mexico? A. About two or three times while I was there.

"Q. After you came to the United States in 1944 how did you vote for President of Mexico in 1946? A. I don't remember very well.

"Q. When and for whom did you first vote? A. I voted for Solamon Garza for Mayor of Cadereyta, Nuevo Leon, Mexico in 1942.

"Q. How old were you at the time you voted? A. I was eighteen years of age.

"Q. Who ran in opposition to that individual? A. I don't remember the name.

"Q. How is it that you recall you voted at that time? A. Because we were being registered for military service at the same time.

"Q. How did you vote? A. Just with a little voting ticket.

"Q. Was it of your own free will and accord that you voted in that election? A. Yes.

"Q. Where did you vote? A. In Cadereyta.

"Q. At what place? A. At an office like a theatre or show.

"Q. About what hour of the day did you vote? A. It was about ten or eleven o'clock in the morning.

"Q. Who went with you to vote? A. Many people—my father and some other people there.

"Q. For whom did you vote the second time? A. I don't think I voted any more then I came over here."

The Board of Special Inquiry found that plaintiff "voluntarily voted for Mayor of Cadereyta in 1942, after becoming 18 years of age;" and concluded, as a matter of law, that he had "forfeited his United States Citizenship in accordance with Section 401 (a) of the Nationality Act of 1940, 8 U.S. C.A. § 801(e), by voluntarily voting for Mayor of Cadereyta-Jiminez, Mexico in 1942."

Upon the trial before me, plaintiff denied that he had voted in Mexico, either for Mayor or for President. He sought to explain his admissions before the Board on the ground that he was frightened. I am sure he must have been excited but feel that admissions were due more to a belief on his part that he would more likely be accepted as "somebody" if he had voted than otherwise. I have had occasion in Nieto v. Mc Grath, Attorney General, D.C., 108 F.Supp. 150, to point to the desire of this type of citizen, of Mexican extraction, to please and agree with those in authority. Plaintiff here is of the same illiterate type as Nieto. The hearing, as in the Nieto case, was before a Board where the Chairman acted as interpreter and the Secretary-member as reporter.

The only evidence that he voted in Mexico is his admission before the Board. It is not, under all the circumstances here, sufficient to overcome his positive testimony now that he did not vote. He is corroborated by his father; by the fact that he was 18 and single at the time;[1] and a number of other circumstances. I do not know why the Board based its decision on the vote for

---

[1]. The evidence in the Nieto case was to the effect single men under the age of 21 legally cannot vote under Mexican law.

Mayor in 1942 alone, when the same admission was made as to voting for President of Mexico in 1946.

 As pointed out in the Nieto case, citizenship is too precious to be forfeited except upon clear, certain and "indeed overwhelming" evidence. For all the reasons assigned in Nieto, I find that plaintiff did not vote for Mayor of Cadereyta-Jiminez, Mexico, in 1942, and conclude that he did not forfeit his citizenship in this country.

The foregoing will be adopted as findings of fact and conclusions of law.

The Clerk will notify counsel. Plaintiff's counsel will submit judgment accordingly.